IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Criminal Action No. 5:11CR54
                                                                               (STAMP)

ANITA AMBLER,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS'S MOTION TO STAY FINAL ORDER OF FORFEITURE

### I. Background

On April 26, 2013, a jury found the above-named defendant, Anita Ambler, guilty on 25 counts of wire fraud, mail fraud, and money laundering. After rendering a guilty verdict on all counts, the jurors then heard argument concerning the forfeiture of the defendant's property located at 3393 Cabin Road in Reva, Virginia, and defendant's Dodge Nitro SLT automobile. After deliberation, the jury then rendered a special verdict finding that the assets at issue were in fact proceeds of the fraud offenses, and thus, subject to forfeiture. On April 30, 2013, this Court, upon motion of the government, entered a preliminary order of forfeiture concerning these assets. On July 30, 2013, this Court sentenced the defendant to 87 months of imprisonment for each count to run concurrently and three years of supervised release for each count to run concurrently. This Court also ordered that the defendant

pay $1,305,090.15 in restitution and forfeiture of property, and pay the required special assessment of $2,500.00.

On August 26, 2013, the government filed a motion for forfeiture. The defendant responded to this motion requesting that this Court stay such order pending appeal. Thereafter, the defendant filed a separate motion again seeking to stay the order pending appeal. The government responded to the motion to stay arguing that the factors that must be considered in determining whether to grant a stay pending appeal of a forfeiture order weigh in favor of not granting a stay of the order. The defendant filed a reply, wherein she attacks the authority provided by the government and argues that the factors weigh in favor of a stay.

## II. <u>Discussion</u>

According to Rule 32.2(d) of the Federal Rules of Criminal Procedure, "[i]f a defendant appeals from a conviction or an order of forfeiture, the court <u>may</u> stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review." (emphasis added). As evidenced by the text of Rule 32.2(d), a court is not required to stay an order of forfeiture. Various district courts have found that the following four factors should be considered in determining whether a stay pending an appeal of a forfeiture order should be granted: "(1) the likelihood of success on appeal; (2) whether the forfeited asset is likely to depreciate over time; (3) the forfeited asset's intrinsic

2

value to the defendant; and (4) the expense of maintaining the forfeited property." United States v. Droganes, 893 F. Supp. 2d 855, 894 (E.D. Ky. 2012) (citing United States v. Clark, No. 05-80810, 2007 WL 1140913 (E.D. Mich. Apr. 17, 2007); United States v. Hronek, No. 5:02-cr-142, 2003 WL 23374653 (N.D. Ohio Aug. 4, 2003)); accord United States v. Peters, 784 F. Supp. 3d 234, 235 (W.D. N.Y. 2011); United States v. Davis, No. 07-cr-11, 2009 WL 2475340, at *2 (D. Conn. June 13, 2009); United States v. Riedl, 214 F. Supp. 2d 1079, 1082 (D. Haw. 2001).

While the defendant criticizes the precedential value of the above factors because districts within the United States Court of Appeals for the Fourth Circuit have not addressed the stay of a forfeiture proceeding based on such factors, this Court finds the factors helpful in its analysis. Accordingly, this Court will address each factor in turn. As to the first factor, the defendant's counsel represents that he cannot address the likelihood of success on appeal as he was not trial counsel and did not have the trial transcripts at the time of his response. The government argues that the likelihood of success is remote, as the trial was clean with hardly any objections made by the defense. Based on its review of the testimony from the four-day trial and the issues raised at sentencing, the Court does not find that the defendant is likely to succeed on appeal. The government's evidence on all counts was substantial. After hearing this

evidence, the jury returned a verdict on all 25 counts and determined that the assets at issue should be forfeited. Further, this Court found that the defendant's testimony at trial was not credible. Accordingly, this factor weighs in favor of denying the stay.

Concerning the second factor, the defendant argues the automobile's depreciation would be nominal if it is not being used, and the real property at issue is not likely to depreciate as the real estate market is in a period of recovery. The government argues that automobiles do depreciate over time, and the real property will depreciate, as it will be vacant for a long period of time. This Court finds that neither party provided this Court with evidence of the current real estate market in Reva, Virginia. However, the defendant has not convinced this Court that the property value will increase. Further, this Court does find that the property remaining vacant will decrease the value, as it is not being cared for other than through a contract that provides for bi-weekly inspections, yard care, snow removal, and general repairs. As to the car, neither party disputes that a car's value depreciates over time. Therefore, because there is a possibility for depreciation of both assets, this factor weighs in favor of denying the stay.

As to the third factor, the defendant argues that the property is defendant's primary residence and is unique as it is handicap

accessible and has structures which were custom built for the breeding of foxes.  The government, however, argues that there is nothing so unique about the property that the defendant could not be made whole through a payment of money in the event the defendant's conviction is reversed.  This Court agrees with the government.  The defendant's arguments concerning the intrinsic value of the property are not persuasive.  The defendant has not shown how she would be hindered in building or buying a similar property with the proceeds from the forfeiture if the Fourth Circuit reverses her conviction.  For instance, she has not alleged that this property has been in her family for a long period of time or made any other allegation that would show actual intrinsic value.  Thus, this factor weighs in favor of denying the motion for stay.

Finally, as to the fourth factor, the government maintains that it bears the burden of maintaining the property pending any sale.  It asserts that it has a maintenance contract for the real property at issue that provides for bi-weekly inspections, yard care, snow removal, and general repairs.  The government does not provide the cost of this contract.  This Court, however, believes that the government will incur significant costs in maintaining the real property and in storing the automobile.  Therefore, this factor also weighs in favor of denying the motion for a stay of the forfeiture order.  Accordingly, because the above factors weigh in

the government's favor and do not support a stay of the forfeiture order, this Court denies the plaintiff's motion for a stay.

III. Conclusion

For the reasons stated above, defendant's motion for a stay of the final order of forfeiture (ECF No. 113) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   October 24, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE